**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Agustin OROZCO, also known as Dean Orozco, Defendant–Appellant.**

**No. 01–3013.**

United States Court of Appeals, Tenth Circuit.

Dec. 12, 2001.

Before TACHA, Chief Judge, BALDOCK, Circuit Judge, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

BALDOCK, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order

mously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Agustin Orozco appeals from the sentence imposed by the district court following acceptance of his guilty plea to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Count two, charging defendant with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2, was dismissed upon acceptance of his plea. We affirm.

Counsel submitted an *Anders*[1] brief to this court and has moved to withdraw. An *Anders* brief must refer to "anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S.Ct. 1396. Consistent with this requirement, counsel states that he believes defendant cannot raise any reversible issues on appeal as the district court agreed with all objections defendant raised to the presentence report and consistently ruled in defendant's favor.

Defendant has filed a pro se supplementary brief in which he argues that the district court erred in not granting him relief from judgment because he is a deportable alien. He also asserts that the district court should have departed downward to eliminate the sentencing disparities between him and his co-defendant and he seeks credit towards his sentence for the time he was on house arrest with electronic monitoring during the pre-trial period.[2] The government contends that we do not have jurisdiction over defendant's appeal as we cannot review the district court's decision to deny a downward departure.

We review the court's factual findings for clear error and its legal interpretation of the Sentencing Guidelines de novo, "giving due deference to the district court's application of the guidelines to the facts." *See United States v. Henry,* 164 F.3d 1304, 1310 (10th Cir.1999). We may review a sentencing court's refusal to depart downward from the sentencing guidelines only when "the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo,* 140 F.3d 874, 887 (10th Cir.1998).

Defendant did not request a downward departure. Therefore, we have no issues to review. As defendant did not present the issues he raises on appeal to the district court, we review them for plain error only as far as they raise the possible violation of a constitutional right. *See United States v. Gomez,* 67 F.3d 1515, 1521 (10th Cir.1995). No such error is present.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. Counsel's motion to withdraw is GRANTED.

---

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. In his reply brief, defendant asks the panel to dismiss this last claim so he may pursue his administrative remedies. We grant his request.